**LEARNING CONNECTIONS, INC., Syed Hasnain, Plaintiffs,**

v.

**KAUFMAN, ENGLETT & LYND, PLLC f/k/a Kaufman, Englett & Lynd, LLC, Jeffrey S. Kaufman, Defendants.**

No. 6:11–cv–368–Orl–19GJK.

United States District Court, M.D. Florida, Orlando Division.

Feb. 23, 2012.

Geoffrey D. Ittleman, The Law Offices of Geoffrey D. Ittleman, PA, Ft. Lauderdale, FL, for Plaintiffs.

Richard Wesley Withers, Jeffrey S. Kaufman, Jr., Matthew Daren Valdes, The Law Office of Kaufman, Englett & Lynd, PLLC, Orlando, FL, for Defendants.

Aaron S. Weiss, Alan Michael Grunspan, Carlton Fields, PA, Miami, FL, for Leslie Jones.

### ORDER

GREGORY J. KELLY, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **NON PARTY LESLIE JONES' MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER** (Doc. No. 77) |
| **FILED:** | **February 21, 2012** |

**THEREON** it is **ORDERED** that the motion is **GRANTED.**

Plaintiffs served non-party, Leslie Jones ("Jones"), a workout officer in the Special Assets Group of Fifth Third Bank, N.A. in Florence, Kentucky, with a subpoena issued by this Court directing Jones to appear and testify before this Court at trial on February 27, 2012. Doc. No. 79–1. The subpoena requests that Jones produce:

Any and all documents in your care, custody or control regarding the fact that [Plaintiffs] issued payments in furtherance of the promissory note issued by Fifth Third Bank, N.A. to The Learning Connections, Inc. but that such payments were not applied by Fifth Third Bank, N.A. to The Learning Connections, Inc. account pending Fifth Third Bank's full review of the documentation it requested as evidenced by the letter dated May 7, 2009 from Leslie Jones to The Learning Connections, Inc.

Doc. No. 79–1.

On February 21, 2012, Jones filed a Motion to Quash Subpoena, or in the Alternative, Motion for Protective Order (the "Motion"), requesting that the Court quash or issue a protective order regarding the subpoena for the following reasons: 1) the subpoena impermissibly requests that Jones travel more than 100 miles from where she resides (citing Fed.R.Civ.P. 45(c)(3)(A)(ii)); 2) the subpoena was issued by the wrong Court (citing Fed. R.Civ.P. 45(a)(2)(C)); and 3) the subpoena imposes an undue burden on Jones. Doc. No. 77 at 1–4. Jones attached an affidavit to the Motion, stating:

> I do not have possession, custody, or control over any documents related to Fifth Third Bank's loan to The Learning Center Connections, Inc., including the documents sought by Plaintiffs' subpoena, which was served on me personally. The records belong to my employer Fifth Third Bank.

Doc. No. 77–1. Thus, Jones also states that she does not have possession, custody, or control over the documents sought by the subpoena and the records belong to Fifth Third Bank, N.A. *Id.* On February 22, 2012, Plaintiffs filed a response stating:

> In preparation for trial, Plaintiffs issued a subpoena to Leslie Jones, the author of the correspondence.... In considering the position of Fifth Third Bank's counsel, [Plaintiffs] *counsel has agreed to limit the scope of the subpoena to a records custodian at trial* with any documents pertaining to the circumstances surrounding the correspondence previously identified.... Fifth Third Bank continues to object to producing any-

one at trial, whether it is Leslie Jones or, simply a records custodian.

Doc. No. 80 at 2 (emphasis added).

The subpoena at issue was served upon Jones in her individual capacity. Doc. No. 79–1. Jones' affidavit states that she does not have possession, custody, or control over the documents requested in the subpoena. Doc. No. 77–1 at 1. In their response, Plaintiffs do not refute Jones' contention that she does not have possession, custody, or control of the documents requested, but suggests that Fifth Third Bank, N.A. should be required to produce a records custodian at the trial. Doc. No. 80 at 2. Fifth Third Bank, N.A. has not been served with a subpoena and has not made an appearance in this case. Based on the forgoing, the Court finds that Jones is entitled to a protective order because it is undisputed that she does not have possession, custody, or control of the documents at issue. Accordingly, the Motion (Doc. No. 77) is **GRANTED.**